IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARIA ROSENFELD,                          Case No. 6:08-cv-06106-AA
                                             OPINION AND ORDER
          Plaintiff,

     v.

CORVALLIS POLICE DEPARTMENT,
TODD BAILEY, BENJAMIN HARVEY,
LISA TRIMBLE, TIM McCALL,
BRETT ROACH, CITY OF CORVALLIS,
and CORVALLIS CITY ATTORNEY,

          Defendants.
_____

Maria Caterina Rosenfeld
P.O. Box 80894
Portland, Oregon 97280
     Pro se plaintiff

Robert E. Franz, Jr.
Law Office of Robert E. Franz, Jr.
P.O. Box 62
Springfield, Oregon 97477
     Attorney for defendants

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendants Todd Bailey, Benjamin Harvey, Tim McCall, Brett Roach, Lisa Trimble, the Corvallis Police Department, the Corvallis City Attorney, and the City of Corvallis ("City") move for summary judgment pursuant to Fed. R. Civ. R. 56. For the reasons set forth below, defendants' motion is granted and this case is dismissed.

## BACKGROUND

On April 7, 2006, at approximately 10:30pm and while on patrol, Officer Harvey approached plaintiff's 16-year-old daughter, Angela Rosenfeld, and her 19-year-old boyfriend, Bradley Johnson, who were sitting in a parked vehicle in a vacant lot. Mr. Johnson informed Officer Harvey that he and Ms. Rosenfeld were waiting for a friend.[1] Officer Harvey smelled alcohol on Mr. Johnson's breath and observed alcohol containers in the car; he therefore asked Mr. Johnson to exit the vehicle in order to question him. Mr. Johnson ultimately admitted that he and Ms. Rosenfeld had been drinking alcohol that evening.

Accordingly, Officer Harvey contacted the police station and

---

[1] Plaintiff does not allege any facts about the events that transpired after Officer Harvey approached Mr. Johnson's vehicle, other than to state that Ms. Rosenfeld was: (1) "told by Officer Tim McCall that she would probably never see her sweetheart and best friend, Brad Johnson again"; and (2) "detained and repeatedly questioned without counsel of her parent [and] was menaced, assaulted, suffering battery by a blow to the head with the night stick swung by Officer Tim McCall." Compl. ¶¶ 8-9. Background information is therefore taken from defendants' uncontradicted evidence, including Officer Harvey's Affidavit and police reports from Officers Harvey and McCall.

requested that Officer McCall bring a Portable Breath Tester. Mr.
Johnson and Ms. Rosenfeld each consented to taking a breathalyzer
test, which confirmed that they had consumed alcohol; Mr. Johnson
was cited for being a minor in possession and for providing alcohol
to a minor, and Ms. Rosenfeld was cited for being a minor in
possession. Ms. Rosenfeld asked Officer Harvey not to call her
mother. Officer Harvey informed Ms. Rosenfeld that he was required
to do so and subsequently contacted plaintiff.

While waiting for plaintiff to arrive, Ms. Rosenfeld started
to "flip out" and stated that she was going to kill herself because
she was worried about what her mother would think. Officer McCall
approached the vehicle, which was locked. Around this time,
plaintiff arrived on the scene. Mr. Johnson, who had left his keys
in the car during his initial exit, asked Ms. Rosenfeld to open the
door. Officer McCall also asked Ms. Rosenfeld to open the door;
she refused and again threatened to kill herself. Officer McCall
attempted to calm Ms. Rosenfeld, who started screaming that she
wanted to speak with her mother. Officer McCall then observed Ms.
Rosenfeld open the glove box and pull out a folding knife. He
ordered Ms. Rosenfeld to open the door and drop the knife. Officer
McCall also warned her that, if she opened the knife, he was going
to break the window.

While Officer Harvey was apprising plaintiff of the situation,
he heard Officer McCall ordering Ms. Rosenfeld to get out of the

car and rushed over to provide aid; Office McCall advised him that Ms. Rosenfeld had a knife and would not exit the vehicle. After Ms. Rosenfeld opened the knife, Officer McCall broke the passenger-side window with his flashlight to disarm her. While attempting to cover Officer McCall, Officer Harvey noticed plaintiff moving towards him and shouting. Officer Harvey ordered plaintiff to back away and raised his Taser. He explained to plaintiff that she needed to stay back while they secured Ms. Rosenfeld's safety. Plaintiff continued to argue and approach Officer McCall; she did not obey Officer Harvey's orders.

Once Ms. Rosenfeld was removed from the vehicle, Officer Harvey arrested plaintiff for interfering with a peace officer pursuant to Or. Rev. Stat. § 162.247.[2] While plaintiff was being transported to jail, Ms. Rosenfeld was taken into custody and brought to the hospital because Officer Harvey believed that she was dangerous to herself or others and was in immediate need of mental health treatment.

On April 7, 2008, plaintiff filed a complaint in this Court, alleging: (1) deprivation of her First and Fourth Amendment rights in violation of 42 U.S.C. § 1983; (2) intentional infliction of emotional distress ("IIED"); and (3) reckless infliction of emotional distress ("RIED"). On March 4, 2009, after receiving leave from the Court, plaintiff filed an amended complaint,

---

[2] Plaintiff was eventually acquitted of this charge.

alleging: (1) falsification of police reports against Officers McCall and Harvey; (2) obstruction of justice against Commanding Officer Bailey for ratifying Officer Harvey's and Officer McCall's false reports; and (3) perjury against Officers Harvey and McCall arising out of statements made during her August 2008 criminal trial.  On January 31, 2011, defendants filed a motion for summary judgement.

Subsequently, plaintiff's case was stayed pending the outcome of her claims against James Hackett and the Linn County Housing Authority.  The Honorable Michael Hogan dismissed that lawsuit and, on February 12, 2013, the Ninth Circuit affirmed.  Therefore, on February 14, 2013, this Court lifted the stay and entered a new briefing schedule for defendants' January 2011 summary judgment motion.  Plaintiff did not file an opposition to defendants' motion.

**STANDARD**

Summary judgment is appropriate if the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Substantive law on an issue determines the materiality of a fact.  T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).  Whether the evidence is such that a reasonable jury could return a verdict for

Page 5 - OPINION AND ORDER

the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

## DISCUSSION

Defendants assert that they are entitled to summary judgment on all of plaintiff's claims under a number of different theories. Two preliminary matters must be addressed, however, before reaching the substantive merits of defendants' motion. First, while difficult to decipher, plaintiff's claims appear to be asserted, in part, on behalf of Ms. Rosenfeld. Yet Ms. Rosenfeld is not named as a plaintiff in this action and has not appeared via a duly appointed representative. Therefore, to the extent that the complaint or amended complaint alleges that defendants violated Ms.

Rosenfeld's rights, "plaintiff lacks standing to pursue these claims." DeMartino v. Marion Cnty., 2013 WL 504603, *3-4 (D.Or. Feb. 5, 2013) (dismissing pro se parent's claims under analogous circumstances) (citing Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008)). Accordingly, defendants' motion is granted in this regard.

Second, plaintiff has not alleged, argued, or submitted any evidence indicating that the Corvallis City Attorney had any involvement in her claims; the Corvallis City Attorney is also not named as a defendant in plaintiff's amended complaint. In addition, the Corvallis Police Department "is not a separate entity from the city itself and thus not amendable to suit." Keller v. City of Portland, 1998 WL 1060222, *3-4 (D.Or. Nov. 13, 1998). As such, the Corvallis Police Department and the Corvallis City Attorney are dismissed as defendants from this action.

I.   Claims Asserted in the Original Complaint

It is well-established that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent." Lacey v. Maricopa Cnty., 693 F.3d 896, 925 (9th Cir. 2012) (citations and internal quotations omitted). Thus, a plaintiff waives any claims that are not expressly repled in a subsequent complaint. Id. at 928. Here, plaintiff's amended complaint alleges claims that are entirely discrete from those asserted in her original complaint and, further, it does not refer to or

incorporate her prior pleadings. <u>Compare</u> Am. Compl., <u>with</u> Compl.
For this reason, defendants are entitled to summary judgment on the
claims asserted in plaintiff's original complaint. Nonetheless,
because pro se pleadings are "held to less stringent standards"
than those drafted by lawyers, the Court will briefly address
plaintiff's original claims. <u>Florer v. Congregation Pidyon
Shevuyim, N.A.</u>, 639 F.3d 916, 923 n.4 (9th Cir. 2011), <u>cert.
denied</u>, 132 S.Ct. 1000 (2012).

A.    <u>42 U.S.C. § 1983 Claims</u>

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must
demonstrate that: (1) the conduct complained of deprived him or her
of an existing federal constitutional or statutory right; and (2)
the conduct was committed by a state actor or a person acting under
color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988)
(citations omitted). Where a plaintiff seeks to impose liability
under 42 U.S.C. § 1983 against a municipality, he or she must also
prove that a policy or custom existed that was the moving force
behind the violation at issue. <u>See</u> <u>Monell v. Dep't of Soc. Servs.
of N.Y.</u>, 436 U.S. 658, 690-91 (1978); <u>Mabe v. San Bernardino Cnty.,
Dep't of Pub. Soc. Servs.</u>, 237 F.3d 1101, 1110-11 (9th Cir. 2001)
(citation omitted).

It is undisputed that the City and individually named police
officers qualify as state actors for the purposes of 42 U.S.C. §
1983. Initially, however, plaintiff cannot establish a claim

against the City because she failed to allege or argue the existence of a policy or custom that was the moving force behind the constitutional violations at issue. See Mabe, 237 F.3d at 1111. Thus, defendants' motion is granted as to plaintiff's 42 U.S.C. § 1983 claims against the City.

        i.   Fourth Amendment Claim

The Fourth Amendment protects a person's right to be free from unreasonable searches and seizures. A "warrantless arrest does not violate the Fourth Amendment if the officers had probable cause." Picray v. Sealock, 138 F.3d 767, 770 (9th Cir. 1998) (citation omitted). "Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." Dubner v. City & Cnty. of S.F., 266 F.3d 959, 966 (9th Cir. 2001) (citation omitted).

It is undisputed that plaintiff was intentionally seized by Officer Harvey without a warrant for interfering with a peace officer. A person commits this crime if he or she "know[s] that another person is a peace officer [and] [r]efuses to obey a lawful order by the peace officer." Or. Rev. Stat. § 162.247. Here, plaintiff had knowledge that Officer Harvey was a "peace officer" within the meaning of the statute because he was wearing his police uniform and badge, and was driving a marked police vehicle. See

Page 9 - OPINION AND ORDER

Harvey Aff. at 2; see also Or. Rev. Stat. § 181.610. Further,
Officer Harvey testified that, while attempting to help Officer
McCall ensure that Ms. Rosenfeld was safe, plaintiff moved towards
him and was shouting. Harvey Aff. at 2 & Ex. 101, at 6-7. He
ordered plaintiff to back away numerous times and she repeatedly
refused to obey his commands. Id.

This evidence demonstrates that plaintiff was noncompliant
with Officer Harvey's lawful orders in violation of Or. Rev. Stat.
§ 162.247. Plaintiff neglected to provide any evidence in
response. Thus, based on Officer Harvey's and Officer McCall's
police reports, as well as Officer Harvey's Affidavit, defendants
had probable cause to believe that plaintiff was committing the
crime of interfering with a peace officer. Even assuming, however,
that Office Harvey did not have probable cause to arrest plaintiff,
he nonetheless reasonably could have believed he did and therefore
is shielded by qualified immunity. See Harlow v. Fitzgerald, 457
U.S. 800, 818 (1982) (qualified immunity protects government actors
"insofar as their conduct does not violate clearly established
statutory or constitutional rights of which a reasonable person
would have known"); see also Denucci v. Henningsen, 248 Or.App. 59,
70-78, 273 P.3d 148 (2012) (qualified immunity attached where the
plaintiff was arrested, despite the fact that she was physically
compliant with the police officer's orders to stay back, because
she was yelling). Therefore, defendants' motion is granted as to

plaintiff's Fourth Amendment claim.

      ii.  <u>First Amendment Claim</u>

      The First Amendment protects a person's right to freedom of speech. In order to prove retaliation under the First Amendment, a plaintiff must establish that he or she engaged in protected speech and "that the officers' conduct would chill a person of ordinary firmness from future First Amendment activity." <u>Ford v. City of Yakima</u>, 706 F.3d 1188, 1193 (9th Cir. 2013) (citation omitted). Additionally, the plaintiff must demonstrate that the officer's desire to chill his or her speech was a but-for cause of the allegedly unlawful conduct. <u>Id.</u> (citation omitted).

      . Here, plaintiff does not plead or argue the necessary elements of a First Amendment retaliation claim. <u>See generally</u> Compl.; Am. Compl. Nevertheless, the record reveals that plaintiff was critical of the officers' actions and threatened to have them fired. <u>See</u> Harvey Aff. Ex. 101, at 7; Am. Compl. ¶¶ 8.11-8.12. Moreover, reading her complaints broadly, plaintiff alleges that she was arrested in retaliation for her speech. As such, this claim hinges on causation. <u>See Ford</u>, 706 F.3d at 1193-94.

      There is no allegation or evidence in the record indicating that defendants' desire to chill plaintiff's speech was the but-for cause of their conduct. As discussed above, based on defendants' uncontradicted evidence, Officer Harvey had probable cause to arrest plaintiff. While the existence of probable cause is not

Page 11 - OPINION AND ORDER

dispositive as to retaliatory First Amendment claims, it has "high probative force." <u>Dietrich v. John Ascuaga's Nugget</u>, 548 F.3d 892, 901 (9th Cir. 2008) (citation omitted).    Further, nothing in the record evinces that Officer Harvey had a retaliatory motive. Without such evidence, a reasonable jury could not conclude that defendants' actions were motivated by anything other than plaintiff's failure to comply with Officer Harvey's orders. Accordingly, defendants' motion is granted as to plaintiff's First Amendment claim.

    B.   <u>Emotional Distress Claims</u>

    The Oregon Tort Claims Act ("OTCA") governs plaintiff's IIED and RIED claims.  <u>See</u> Or. Rev. Stat. § 30.265; <u>see also</u> <u>Flug v. Univ. of Or.</u>, 335 Or. 540, 545-46, 73 P.3d 917 (2003).  The OTCA provides that notice of a claim arising out of the actions of officers, employees, or agents of a public body acting within the scope of their employment must be given "within 180 days after the alleged loss or injury."  Or. Rev. Stat. § 30.275(2)(b).  This requirement can be satisfied through formal notice, actual notice, or commencement of an action.  <u>See</u> Or. Rev. Stat. § 30.275(3)-(6). The plaintiff bears the burden of establishing that notice of a claim was provided in accordance with the OTCA.  <u>See</u> Or. Rev. Stat. § 30.275(7).

    It is undisputed that this lawsuit was commenced on April 7, 2008 and was premised on an injury that took place on April 7,

2006.  It is also undisputed that the City qualifies as a public body within the meaning of the OTCA.  See, e.g., Shepard v. City of Portland, 829 F.Supp.2d 940, 957-59 (D.Or. 2011).  Moreover, the allegations in the complaints make clear that the individually named officers were acting within the scope of their employment at all relevant times.  See Lumbreras v. Roberts, 319 F.Supp.2d 1191, 1214 (D.Or. 2004), aff'd, 156 Fed.Appx. 952 (9th Cir. 2005) (outlining factors to be considered when "determin[ing] whether officials were acting 'within the scope of their employment or duties' for purposes of the Tort Claims Act"); see also Harvey Aff. at 2.  Further, there is no allegation or evidence in the record demonstrating that plaintiff provided formal or actual notice prior to the initiation of this action, which occurred outside of the applicable 180-day period.

Therefore, because she failed to provide the requisite OTCA notice, defendants' motion is granted as to plaintiff's IIED and RIED claims.  See Denucci, 248 Or.App. at 66 ("[f]ailure to give timely notice of claim is fatal to a plaintiff's tort claim against a public body").  In addition, the Court notes that defendants are entitled to summary judgment on these claims because: (1) the challenged conduct was not sufficiently "extreme and outrageous" to sustain an IIED claim; and (2) plaintiff makes no argument and provides no evidence to show that any of the circumstances required to state a RIED claim apply in the case at bar.  See House v.

Hicks, 218 Or.App. 348, 357-58, 179 P.3d 730, rev. denied, 345 Or. 381, 195 P.3d 911 (2008) (outlining requirements of an IIED claim); Dawson v. Entek Int'l, 662 F.Supp.2d 1277, 1292 (D.Or. 2009), rev'd on other grounds, 630 F.3d 928 (9th Cir. 2011) (outlining requirements of a RIED claim).

II. Claims Asserted in the Amended Complaint

The Oregon statutes that govern falsification of police reports, perjury, and obstruction of justice are all criminal in nature. See, e.g., Or. Rev. Stat. §§ 162.055-162.085, 162.225-162.385, 162.405, 162.415. Accordingly, a civil cause of action cannot be sustained based on these statutes. See Staton v. BAC Home Loans Servicing, L.P., 2012 WL 1624296, *11 (D.Or. May 5, 2012) ("[t]here is no civil cause of action for perjury; it is a criminal offense") (citations and internal quotations omitted); Osborne v. City of Burns, Or., 2012 WL 930815, *12 (D.Or. Feb. 27), adopted by 2012 WL 930234 (D.Or. Mar. 19, 2012) ("criminal statutes such as Or. Rev. Stat. §§ 162.235, 162.405, and 162.415 do not create private rights of action and are therefore unenforceable through a civil action") (citations omitted). As such, defendants' motion is granted in regard to plaintiff's amended complaint.

Nevertheless, even if falsification of a police report, perjury, or obstruction of justice were cognizable as civil claims, plaintiff has not set forth any facts or evidence, beyond mere conclusory allegations, establishing that Officer Harvey's or Officer McCall's statements were false, or that Commanding Officer

Page 14 - OPINION AND ORDER

Bailey ratified their allegedly illegal conduct. <u>See</u> Or. Rev. Stat. § 162.115 ("[i]n any prosecution for perjury or false swearing, falsity of a statement may not be established solely through contradiction by the testimony of a single witness"). In fact, many of plaintiff's, Mr. Johnson's, and Ms. Rosenfeld's remarks regarding the night in question do not address salient facts and are not inconsistent with Officer Harvey's or Officer McCall's reports. <u>Compare</u> Pl.'s Mem. (Mar. 20, 2009), <u>with</u> Harvey Aff. Ex. 101. Moreover, many of the alleged "lies" perpetuated by Officers Harvey and McCall relate to events that transpired prior to plaintiff's on-scene arrival. <u>See, e.g.</u>, Am. Compl. ¶¶ 8.1-8.3, 8.6-8.7, 9.1. For these additional reasons, defendants' motion is granted as to these claims.

## CONCLUSION

Defendants' motion for summary judgment (doc. 100) is GRANTED. All pending motions are DENIED as moot. This case is DISMISSED.

IT IS SO ORDERED.
Dated this _1st_ day of May 2013.


_____
Ann Aiken
United States District Judge


Page 15 - OPINION AND ORDER